**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4039**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAHEM LIPFORD,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:19-cr-00010-1)

Submitted:  April 19, 2021                                      Decided:  April 28, 2021

Before GREGORY, Chief Judge, and THACKER and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, Assistant Federal Public Defender, Lex A. Coleman, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  Michael B. Stuart, Charleston, West Virginia, United States Attorney, Ryan A. Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Huntington, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahem Lipford pleaded guilty, pursuant to a conditional plea agreement, to possession with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1). Lipford reserved his right to appeal the district court's denial of his motion to suppress evidence seized during a search of his home pursuant to a warrant. On appeal, Lipford argues that the district court erred in denying his suppression motion because the search warrant application relied, in part, on evidence that a police officer discovered during a warrantless trash pull outside of Lipford's residence. According to Lipford, the officer was required to obtain a warrant before conducting the trash pull because the trash pull occurred within the curtilage of Lipford's home. We disagree, and thus we affirm.

In assessing a district court's denial of a motion to suppress, we review the district court's "legal conclusions de novo and its factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Kolsuz*, 890 F.3d 133, 142 (4th Cir. 2018). The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. For Fourth Amendment purposes, "the home is first among equals," and the home's curtilage—that is, "the area immediately surrounding and associated with the home"—is considered "to be part of the home itself . . . ." *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018) (internal quotation marks omitted). Therefore, we "presume a warrantless search of curtilage to be unreasonable." *Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 192 (4th Cir. 2015) (internal quotation marks omitted).

In *United States v. Dunn*, the Supreme Court identified the following factors for assessing whether a particular area is within the curtilage of a home: (1) "the proximity of the area claimed to be curtilage to the home," (2) "whether the area is included within an enclosure surrounding the home," (3) "the nature of the uses to which the area is put," and (4) "the steps taken by the resident to protect the area from observation by people passing by." 480 U.S. 294, 301 (1987). "These factors are useful analytical tools"—not a strict formula—and they are relevant, "only to the degree that, in any given case, they bear upon the centrally relevant consideration—whether the area in question is so intimately tied to the home itself that it should be placed under the home's umbrella of Fourth Amendment protection." *Id.* (internal quotation marks omitted).

Applying the *Dunn* factors here, we agree with the district court that the area where the trash pull occurred was not within the curtilage of Lipford's home. While the proximity of the area to Lipford's home likely weighs in Lipford's favor, "proximity to the home, standing by itself, does not *per se*, suffice to establish an area as within the curtilage." *United States v. French*, 291 F.3d 945, 952 (7th Cir. 2002). And our analysis of the three remaining *Dunn* factors leads us to reject Lipford's curtilage contention. In particular, we emphasize that the area was not enclosed; that the area was open to public view; and that the area was used for storing trash that public sanitation workers collected weekly. *See United States v. Beene*, 818 F.3d 157, 162 (5th Cir. 2016) (concluding that driveway was not curtilage even though fences partially "encircled" it because it "was open," could be observed from street, no barriers blocked access to it, and residents "took [no] steps to protect their privacy, such as posting 'no trespassing' signs"); *cf. Collins*, 138 S. Ct. at 1671

3

(concluding that "partially enclosed top portion of [a] driveway that abut[ted] the [defendant's] house" and that sat past front perimeter of house was "properly considered curtilage"). We are thus satisfied that the trash pull did not occur within the curtilage of Lipford's home.

Because Lipford's appellate challenges to the district court's denial of his suppression motion rely entirely on the incorrect premise that the trash pull occurred within the curtilage of his home, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

*AFFIRMED*